IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Robert Lamont Hines, )
    Petitioner, )
  )
v. )   1:09cv800 (GBL/JFA)
  )
Gene M. Johnson, )
    Respondent. )

FILED DEC 11 2009 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION AND ORDER

Robert Lamont Hines, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for malicious wounding and use of a firearm during the commission of a felony in the Circuit Court for the City of Newport News, Virginia. By Order dated August 31, 2009, Hines was informed that it appeared that the statute of limitations barred the claim presented, and he was directed to contest the application of the statute of limitations or to establish that he is entitled to equitable tolling of the limitations period. Hines was also informed that his claim appear barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default, and petitioner was directed to show cause why his claim should not be dismissed as procedurally defaulted. Hines has not responded to the Order. Thus, the petition will be dismissed as untimely filed and as procedurally defaulted.

As discussed in the August 31 Order, the applicable statute of limitations, 28 U.S.C. § 2244(d), bars the claim presented. A petition for a writ of habeas corpus must be dismissed if filed later than one year after: (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional

right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year period, the time during which state collateral proceedings were pursued by Hines must be excluded. See 28 U.S.C. § 2254(d)(2). If the total time elapsed exceeds one year, the petition is untimely and must dismissed unless Hines can establish that he is entitled to equitable tolling of the statute of limitations. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

Hines was sentenced in the Circuit Court for the City of Newport News on July 25, 2000. Petitioner filed a direct appeal in the Court of Appeals of Virginia, which denied the petition for appeal on February 21, 2001. Petitioner then appealed to the Supreme Court of Virginia, which refused the petition for appeal on May 3, 2001. Therefore, Hines's conviction became final on August 1, 2001, the last date on which he could have petitioned the Supreme Court of the United States for a writ of certiorari. U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)).

In calculating the one-year period, however, the Court must exclude the time during which state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Petitioner alleges that he filed a state habeas petition in the Circuit Court for the City of Newport News "eight years later," but does not provide a specific filing date. On or about June 30, 2008, Hines appealed the Circuit Court's

denial of his state habeas petition to the Supreme Court of Virginia.[1] On February 6, 2009, that Court dismissed the appeal. Although it is not clear from the face of the petition, the earliest date on which petitioner could have filed the instant petition was July 6, 2009.[2]

Between August 1, 2001, the date petitioner's conviction became final, and assuming for the purposes of this calculation that petitioner filed his state habeas petition in the circuit court on January 1, 2008, a total of 2,344 days would have passed.[3] Between February 6, 2009, the date petitioner's state habeas petition became final, and July 6, 2009, the earliest date on which petitioner could have filed his federal petition, an additional 150 days passed. When these days are combined they establish that the instant petition was filed 2,129 days beyond the one-year limit. Accordingly, the petition is untimely under § 2244(d), and as petitioner has not responded

---

[1] Petitioner did not reveal the date on which he filed his state habeas petition in the Supreme Court of Virginia in his initial petition. The Virginia Courts Case Information System ("VCCIS") lists June 30, 2008 as the date on which petitioner's state habeas petition was received in the Supreme Court of Virginia. In the August 31 Order, petitioner was informed that in the absence of evidence to the contrary, the Court would utilize that date as the filing date of the state habeas petition, unless petitioner contested the date in his response to that Order. Petitioner did not respond to the Court's Order.

[2] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner does not indicate when he placed his petition in the prison mailing system. The petition was signed on July 6, 2009, and the Court received the petition on July 21, 2009. However, even using the July 6 date, petitioner's petition still remains untimely, as explained above.

[3] As noted, petitioner states that he filed a petition in the Circuit Court, however he does not provide the date of filing. Despite attempting to determine the date through the Virginia Courts Case Information System, the Court was unable to do so. As petitioner's state habeas petition was filed approximately seven years after the conclusion of his direct appeal, and petitioner himself states that he filed his state habeas petition "eight years later," it is clear that the specific date on which petitioner filed his state petition would not alter the timeliness analysis.

3

to the August 31 Order, he has failed to establish that the statute of limitations does not apply or should otherwise be tolled.

Additionally, as noted in the August 31 Order, petitioner's claims are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed petitioner's claims as defaulted pursuant Rule 5:17 of the Rules of the Supreme Court of Virginia. Although petitioner does not state what sub-section of that rule mandated the dismissal of his petition, the Fourth Circuit has held that both 5:17(a) and 5:17(c) constitute adequate and independent state law grounds for decision. See O'Dell v. Netherland, 95 F.3d 1214, 1243 (4th Cir. 1996); Hedrick v. True, 443 F.3d 342, 360 (4th Cir. 2006). In the August 31 Order, petitioner was given the opportunity to show cause why his claim should not be dismissed as procedurally defaulted. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999) (finding a federal habeas court's sua sponte dismissal of procedurally defaulted claims permissible where petitioner is provided notice and an opportunity

4

to argue against dismissal). As petitioner has not responded, his claim, even if timely filed, would be subject to dismissal as procedurally defaulted.

Accordingly, it is hereby

ORDERED that the habeas corpus petition (Docket # 1) be and is DISMISSED WITH PREJUDICE as time-barred and procedurally defaulted.

To appeal, petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Order to petitioner and to close this civil case.

Entered this 11th day of December 2009.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge

5